UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNEDY C. LINTERN,

          Plaintiff,

            Case No. 14-12034

v.                         Paul D. Borman
                         United States District Judge

                         Elizabeth A. Stafford
CAROLYN W. COLVIN           United States Magistrate Judge
Acting Commissioner of the
Social Security Administration,

          Defendant.

_____/

OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 24),
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (ECF NO. 21), (3) GRANTING THE DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 16), (4) DENYING PLAINTIFF'S MOTION
TO REMAND (ECF NO. 14) AND (5) AFFIRMING THE
COMMISSIONER'S DECISION

       Before the Court is Magistrate Judge Elizabeth A. Stafford's June 29, 2015 Report and

Recommendation. (ECF No. 21.) Plaintiff has filed Objections to the Report and Recommendation

(ECF No. 24) and Defendant has replied to Plaintiff's Objections (ECF No. 26). Having conducted

a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report

and Recommendation to which specific objections have been filed, the Court DENIES Plaintiff's

Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's

Motion for Summary Judgment, DENIES Plaintiff's Motion to Remand, and AFFIRMS the findings

of the Commissioner.

1

## I.     BACKGROUND

The Magistrate Judge adequately summarized the background of this case in her June 29, 2015 Report and Recommendation and the Court adopts that summary here.  (ECF No. 15, Report and Recommendation 2-5.)  Briefly stated, the Plaintiff in this social security appeal is a 12 year old girl (Plaintiff was 8 years old at the time that her application for benefits was filed) who seeks supplemental security income ("SSI") benefits due to alleged physical and mental impairments.[1] Plaintiff suffers from a ventricular septal defect, psoriatic arthritis, a leg length discrepancy, and emotional disturbances.  Based on her age, Plaintiff would have been disabled under the regulations if she was found to have a marked limitation in at least two of six "domains" that are defined in the Social Security Regulations.  20 CFR § 416.926a.  The Administrative Law Judge ("ALJ") found that Plaintiff had a less than marked limitation in each of the six domains.

Plaintiff appealed the ALJ's decision to this Court, focusing her challenge on three of the ALJ's six domain findings.  The matter was referred to Magistrate Judge Elizabeth A. Stafford, who found that the ALJ's decision as to each of the domains was supported by substantial evidence and recommended that the Court affirm the Commissioner.  Plaintiff now objects to the Magistrate Judge's findings and conclusions with regard to two of the six domains – "interacting and relating to others," and "caring for yourself."

## II.    STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation,

---

[1] The claim in this matter was actually filed by Kennedy Lintern's mother on behalf of the claimant, Kennedy Lintern.  ECF No. 10, Transcript of Social Security Proceedings at 13.  Each of the parties, as well as the Magistrate Judge, refer to the "Plaintiff" as the claimant herself, Kennedy Lintern. This Court will follow that designation in this Opinion and Order.

the Court conducts a *de novo* review of those portions.  FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted).  "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."  *Rogers*, 486 F.3d at 247.

Only those objections that are specific are entitled to a *de novo* review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Id*. (internal quotation marks and citation omitted).  A non-specific objection, or one that merely reiterates

arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id*.

## III.   ANALYSIS

"If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin*, 475 F.3d at 730. In this case, the Court agrees with the Magistrate Judge that the ALJ's conclusion that Plaintiff was not markedly limited in the domains of interacting with others and caring for herself was supported by substantial evidence even though Plaintiff points to evidence in the record that she suggests supports a different conclusion. The ALJ's decision on the degree of Plaintiff's limitations in these domains was well within the "zone of choice" within which she is authorized to operate "without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

4

2:14-cv-12034-PDB-EAS   Doc # 27   Filed 10/29/15   Pg 5 of 13   Pg ID 769

**A.      The Domain of Interacting and Relating With Others**

In this domain, the regulations consider "how well you initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." 20 CFR § 416.926a(i).  The Regulations define the expectations in this domain for school-age children (age 6-12) as follows:

> School-age children (age 6 to attainment of age 12). When you enter school, you should be able to develop more lasting friendships with children who are your age. You should begin to understand how to work in groups to create projects and solve problems. You should have an increasing ability to understand another's point of view and to tolerate differences. You should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand.

416.926a(i)(2)(iv).  Examples of some limitations that may be considered in this domain are:

> (i) You do not reach out to be picked up and held by your caregiver.
> (ii) You have no close friends, or your friends are all older or younger than you.
> (iii) You avoid or withdraw from people you know, or you are overly anxious or fearful of meeting new people or trying new experiences.
> (iv) You have difficulty playing games or sports with rules.
> (v) You have difficulty communicating with others; e.g., in using verbal and nonverbal skills to express yourself, carrying on a conversation, or in asking others for assistance.
> (vi) You have difficulty speaking intelligibly or with adequate fluency.

416.926a(i)(3)(i-vi).

Plaintiff contends that the Magistrate Judge was in error for failing to find fault with the fact that the ALJ did not specifically cite to the supporting record evidence when setting forth her conclusions regarding this domain.  Having reviewed the entire transcript in this matter and the ALJ's decision, the Court disagrees with Plaintiff and agrees with the Magistrate Judge that, while the ALJ did not cite specific record evidence in that portion of her decision that specifically

5

addressed this domain, the ALJ did cite extensively to record evidence supporting her conclusion as to this domain in an earlier section of her decision.  When the ALJ's decision is viewed as a whole, it is easily understood that her domain analysis refers back to the record evidence previously cited and analyzed in her opinion.

The ALJ's conclusion as to this domain is as follows:

> <u>The claimant has less than marked limitation in interacting and relating with others.</u> The record shows that the claimant had behavioral issues in school, including emotional or disruptive outbursts and attempts at self-harm.  However, the claimant's capacity for social interaction has improved with appropriate treatment, and she has been pleasant and cheerful with teachers and social workers.  The record indicates that the claimant has friends and that she is able to interact and relate with them. Although the claimant experiences difficulty due to frustration, she has been able to cope with her feelings by keeping a journal, by counting, or by using other coping strategies in order to reduce emotional outbursts.

ECF No. 10, Transcript of Social Security Proceedings at 30 (hereinafter cited as "Tr. __.").

Plaintiff argues that this analysis is conclusory and unsupported.  In fact, however, previously in her decision, the ALJ discussed in detail, with citations to specific record evidence, the factual bases for each of these summary statements.  *See, e.g.*, the ALJ's citation to record evidence that:  Plaintiff "is a very bright student" with "good academic potential," although "educators were concerned about [her] interpersonal skills."  Tr. 25.  The ALJ then observed that "with appropriate treatment, the record indicates that the [Plaintiff's] disruptive behavior and behavioral problems decreased." *Id.*  The ALJ further observed that in January, 2012, Plaintiff was "able to complete classroom assignments with minimal prompting," and that she enjoyed "a positive experience at summer camp in July 2012."  *Id.*  The ALJ cited to the most recent record evidence that demonstrated that Plaintiff was "smiling and participating in class; she was pleasant, clever and bright in social work settings; she was able to keep a journal where she expressed frustration and negative emotions," and when

she "got upset, she was able to write her feelings in a notebook and regulate and control her emotions." Tr. 25-26. Based on this Court's review of the record, the evidence cited by the ALJ in these portions of her opinion fully support what she states in her decision. Indeed, Plaintiff does not contest this record evidence but objects that the recitation of these facts does not appear in the section of the ALJ's decision in which she sets forth her conclusions regarding this domain. The Court agrees with the Magistrate Judge that requiring the ALJ to reiterate this record evidence in her analysis section, when it is obvious from the decision as a whole what record evidence she relied on in reaching these conclusions, elevates form over substance.[2]

It is clear that the ALJ understood the regulations that governed her analysis and was fully aware that she was required to, and she did, analyze the Plaintiff's limitations with regard to the six specified domains. She set forth in her decision the pertinent regulations and noted specific examples of limitations that may be considered under those regulations. It is obvious when reading the decision as a whole exactly what record evidence the ALJ was relying on when she summarized those findings in a later portion of her decision discussing the individual domains. This is all that is required to enable this Court to conduct a meaningful review. *See Skakle v. Comm'r of Soc. Sec.*, No. 14-10116, 2014 WL 6750330, at *12 (E.D. Mich. Dec. 1, 2014) ("The ALJ's decision may be read as a whole for the review and analysis of the evidence of record that is relevant to the determination that Plaintiff's [condition] did not meet a listing.") (citing *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)) (alteration added).

---

[2] In fact, the ALJ used this same format for her analysis of each of the specific domains, summing up in the final discussion of each domain the specific record evidence that she previously detailed to support her conclusions. In each of these instances it was clear that the domain analysis summarized the previously-cited record evidence. Plaintiff did not object to the ALJ's use of this "format" with respect to the otherwise unchallenged domain findings.

Beyond attacking the ALJ's failure to repeat her discussion of the record evidence in her domain analysis, Plaintiff argues that the ALJ's decision with regard to this domain was not supported by substantial evidence. Plaintiff cites evidence that she argues supports a contrary conclusion. But the fact that there may be evidence in the record to support a contrary conclusion does not mean that the ALJ's decision was unsupported by other substantial evidence. *Colvin*, 475 F.3d at 730 ("If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"). The ALJ's decision must be supported by "more than a scintilla of evidence but less than a preponderance," such evidence that "a reasonable mind might accept as adequate to support a conclusion." *McGlothin*, 299 F. App'x at 522.

The ALJ relied on just such evidence, and on her own observation of Plaintiff at the hearing, to conclude that Plaintiff was a bright and observant child who showed improvement on her medication, who demonstrated an ability to regulate and control her emotions through journaling and other self-help techniques, who was pleasant and cheerful with teachers and social workers, who had recently enjoyed a good summer camp experience and therefore showed less than marked limitation in interacting and relating with others. The ALJ's findings "are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009) (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)). The facts taken from the record by the Plaintiff, even if supportive of a different conclusion, do not demonstrate that the ALJ strayed from the zone of choice within which she must act to satisfy this Court's substantial evidence review.

Plaintiff also criticizes the ALJ for failing to consider the assessment of Kathryn MacKinnon, a social worker who examined Plaintiff and concluded that she was markedly and moderately limited in a number of functional areas.  In fact, the ALJ did consider the opinion evidence from Ms. MacKinnon and found that it was contradicted by other, and more recent, record evidence that suggested much less severe limitations.  Tr. 26; Report 11-12.  Furthermore, it is well established that it is unnecessary for the ALJ to address every piece of evidence.  *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x. 496, 507–08 (6th Cir. 2006) ("An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party") (internal quotation marks omitted).  What is required has been provided here – sufficient explanation and citation to the record evidence to permit meaningful review.

**B.     The Domain of Caring for Herself**

"In this domain, we consider how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area."  20 CFR § 416.926a(k).  Caring for yourself is described generally in the Regulations as follows:

> (i) Caring for yourself effectively, which includes regulating yourself, depends upon your ability to respond to changes in your emotions and the daily demands of your environment to help yourself and cooperate with others in taking care of your personal needs, health and safety. It is characterized by a sense of independence and competence. The effort to become independent and competent should be observable throughout your childhood.

> (ii) Caring for yourself effectively means becoming increasingly independent in making and following your own decisions. This entails relying on your own abilities and skills, and displaying consistent judgment about the consequences of caring for yourself. As you mature, using and testing your own judgment helps you develop confidence in your independence and competence. Caring for yourself includes using

your independence and competence to meet your physical needs, such as feeding, dressing, toileting, and bathing, appropriately for your age.

(iii) Caring for yourself effectively requires you to have a basic understanding of your body, including its normal functioning, and of your physical and emotional needs. To meet these needs successfully, you must employ effective coping strategies, appropriate to your age, to identify and regulate your feelings, thoughts, urges, and intentions. Such strategies are based on taking responsibility for getting your needs met in an appropriate and satisfactory manner.

(iv) Caring for yourself means recognizing when you are ill, following recommended treatment, taking medication as prescribed, following safety rules, responding to your circumstances in safe and appropriate ways, making decisions that do not endanger yourself, and knowing when to ask for help from others.

20 CFR § 416.926a(k)(1)(i)-(iv).   School age children (age 6-12) should be striving to exhibit the following behaviors:

You should be independent in most day-to-day activities (e.g., dressing yourself, bathing yourself), although you may still need to be reminded sometimes to do these routinely. You should begin to recognize that you are competent in doing some activities and that you have difficulty with others. You should be able to identify those circumstances when you feel good about yourself and when you feel bad. You should begin to develop understanding of what is right and wrong, and what is acceptable and unacceptable behavior. You should begin to demonstrate consistent control over your behavior, and you should be able to avoid behaviors that are unsafe or otherwise not good for you. You should begin to imitate more of the behavior of adults you know.

20 CFR § 416.926a(k)(2)(iv).  (Adolescents (age 12-18) should "begin to discover appropriate ways to express your feelings, both good and bad (e.g., keeping a diary to sort out angry feelings or listening to music to calm yourself down))."   20 CFR § 416.926a(k)(2)(v).

The Regulations list examples of limited functioning in caring for yourself but qualify the list of examples by noting that "the examples do not necessarily describe a "marked" or "extreme" limitation."  Among the seven listed examples of limited functioning is "engag[ing] in self-injurious behavior (e.g., suicidal thoughts or actions, self-inflicted injury, or refusal to take your medication),

or you ignor[ing] safety rules."  20 CFR § 416.926a(k)(3)(iv).

These regulations are noted by the ALJ in her opinion.  Her conclusion as to Plaintiff's limitations in this domain is as follows:

> The claimant has less than marked limitation in the ability to care for herself.  The claimants mother alleged that the claimant does not always takes medications as directed.  Notwithstanding this difficulty, the record indicates that the claimant is able to care for her personal hygiene, and that she is able to take care of her personal needs.  The record shows that the claimant is able to pursue enjoyable various activities and interests, such as going to church, watching television, and interacting with friends.

Tr. 32.  This analysis again summarizes the specific record findings that the ALJ discussed previously in her opinion.  *See, e.g.,* the ALJ's earlier citation of the following record evidence: "Recent evidence in the record indicates that the claimant was smiling and participating in class; she was pleasant, clever and bright in social work meetings; she was able to keep a journal where she expressed frustration and negative emotions; and she was able to count to four or six depending on the degree of frustration."  Tr. 25-26.  Plaintiff had a "positive experience at summer camp in July 2012," and in October, 2012 was "able to write her feelings in a notebook and regulate and control her emotions."  *Id.*  Plaintiff "was excited about an afternoon assembly, and she reported that she enjoyed going to church."  Tr. 26.  The ALJ also noted that she observed Plaintiff at the hearing and found her to be "a forthright and well behaved child."  *Id*.

In her objections, Plaintiff urges the Court to focus on evidence that Plaintiff engaged in "suicidal thoughts and self-inflicted injury."  Plaintiff first asserts that the ALJ failed to mention these "self harming" tendencies, which is false.  *See* Tr. 22 (noting that Plaintiff's mother reported that Plaintiff was "doing well" but had emotional issues such as "harming herself").  The ALJ thus demonstrated that she was aware of and considered the evidence of the single reported alleged (and

unsuccessful) attempt at self-harm. The ALJ was not *required* to discuss this evidence. The Court agrees with the Magistrate Judge that Plaintiff exaggerates the strength of the evidence of Plaintiff's "self-injurious behavior," which the ALJ clearly found less persuasive than the more recent and abundant evidence of Plaintiff's ability to care for herself. The Regulations explain that none of the listed examples "necessarily describe a 'marked' or 'extreme' limitation." The Court agrees with the Magistrate Judge and finds no error in the ALJ's decision to rely on other substantial evidence to conclude that Plaintiff demonstrated no marked limitation in the domain of self-care.

## IV.    CONCLUSION

The Court concludes that Magistrate Judge Stafford correctly found that the ALJ's conclusion that Plaintiff is not disabled is supported by substantial evidence.[3] For the foregoing

---

[3] As Plaintiff concedes in this case, to functionally equal the Listings, the Plaintiff's impairments must be "marked" or seriously interfere with her ability to independently function in *at least 2* of the 6 functional domains. ECF No. 14, Pl.'s Mot. Remand 4. *See* 20 CFR § 416.926a(a). Thus, even were the Court to conclude that the ALJ's decision as to one of the two domains that are the subject of Plaintiff's Objections was not supported by substantial evidence, the error would be harmless and would not require a remand. *See Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009) (noting that review of decisions of administrative agencies are reviewed for harmless error); *Muhammad ex rel. T.I.M. v. Comm'r of Soc. Sec.*, 395 F. App'x 593, 601-02 (11th Cir. 2010) ("Even if T.I.M.'s limitations in this domain were marked, he still would not be disabled because he did not have marked limitations in at least one additional domain."); *Parker ex rel. A.L.P v. Astrue*, No. 11-2826, 2012 WL 4735466, at *6 (N.D. Ala. Sept. 28, 2012) (finding that even if ALJ erred in finding no limitation in one functional domain, that error was harmless where the record did not support a finding of limitation in a second functional domain); *Turner ex rel. BDT v. Comm'r of Soc. Sec.*, No. 10-1497, 2012 WL 1004841, at *18 (M.D. Fla. March 26, 2012) (Kelly, MJ) ("Even if T.I.M.'s limitations in this domain were marked, he still would not be disabled because he did not have marked limitations in at least one additional domain."). Here, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation relate only to Magistrate Judge Stafford's finding of substantial evidence as to 2 of the 6 domains. No Objection has been filed regarding the Magistrate Judge's finding of substantial evidence as to the remaining 4 domains. And while an "extreme" limitation in just one domain can equal the Listing, *see* 20 CFR § 416.925(a)(3)(i), Plaintiff does not argue, and the record does not support a finding, that any "extreme" limitation exists here. Thus, any error on the part of the ALJ as to one of the two domains that are the subject of Plaintiff's Objections would be harmless.

reasons, the Court:

 (1) GRANTS Plaintiff's Ex-Parte Motion for Page Extension (ECF No. 25);

 (2) DENIES Plaintiff's Objections (ECF No. 24);

 (3) GRANTS the Defendant's Motion for Summary Judgment (ECF No. 16);

 (4) DENIES Plaintiff's Motion to Remand (ECF No. 14);

 (5) ADOPTS Magistrate Judge Stafford's Report and Recommendation (ECF No. 21); and

 (6) AFFIRMS the findings of the Commissioner.

IT IS SO ORDERED.


    s/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated:  October 29, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 29, 2015.


    s/Deborah Tofil
    Case Manager